UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CARMEN AQUINO; JONATHAN DECRESCENZO; THOMAS DECRESCENZO; J.R., BY HIS PARENT AND NATURAL GUARDIAN, JESSICA FELICIANO; and T.V., BY HER PARENT AND NATURAL GUARDIAN, JESSICA FELICIANO,

STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

11-CV-4019 (JG)(SMG)

Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. SUPERVISOR JOHN DOE #1; P.O. JOHN DOE #1, Shield 10274, and P.O. JOHN DOES #2-10; the individual defendant(s),

Defendants.
------------------------------------------------------------------X

WHEREAS, plaintiffs Carmen Aquino, Jonathan Decrescenzo, Thomas Decrescenzo and Jessica Feliciano as mother and natural guardian of J.R. and T.V. commenced this action by filing a complaint on or about August 19, 2011, alleging that defendant City of New York violated plaintiffs' federal civil and state common law rights; and

WHEREAS, defendant has denied any and all liability arising out of plaintiffs' allegations; and

WHEREAS, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

WHEREAS, plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendant, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiffs a total of **One Hundred Thousand ($100,000) Dollars** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees, to be distributed as follows: the sum of **Fifteen Thousand ($15,000) Dollars** to plaintiff Carmen Aquino, the sum of **Thirty Five Thousand ($35,000) Dollars** to plaintiff Jonathan Decrescenzo, the sum of **Forty Thousand ($40,000) Dollars** to plaintiff Thomas Decrescenzo, the sum of **Five Thousand ($5,000) Dollars** to plaintiff J.R., and the sum of **Five Thousand ($5,000) Dollars** to plaintiff T.V. In consideration for the payment of this sum, plaintiffs agree to dismissal of all the claims against the defendant and to release the defendant, the City of New York, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights, from the beginning of the world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiffs shall execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs

are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendant that it has in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Settlement of this action is conditioned on compliance with the provisions set forth in Rule 83.2(a) of the Local Civil Rules of this Court ("Settlement of Actions by or on Behalf of Infants or Incompetents, Wrongful Death Actions, and Conscious Pain and Suffering Actions") and Rule 1207 et seq. of the Civil Practice Laws and Rules for the State of New York.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

7. Plaintiffs agree to hold harmless the defendant regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

8. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: Brooklyn, New York
_____, 2012

MICHAEL HUESTON, ESQ.
*Attorney for plaintiffs*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 643-2900

By: _____
MICHAEL HUESTON
*Attorney for plaintiffs*

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007
(212) 788-1652

By: _____
MATTHEW J. MODAFFERI
*Assistant Corporation Counsel*


SO ORDERED:

_____
HON. JOHN GLEESON
UNITED STATES DISTRICT JUDGE

4